Filed 5/8/14  In re Jerome C. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re JEROME C., a Person Coming Under the Juvenile Court Law. | B251089 (Los Angeles County Super. Ct. No. FJ50937) |
| THE PEOPLE, Plaintiff and Respondent, v. JEROME C., Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Denise McLaughlin-Bennett and Charles R. Scarlet (Retired), Judges.  (Retired judge of the L.A. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie G. McMurray, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

A Welfare and Institutions Code section 602 petition filed July 30, 2013 alleged that on or about July 28, 2013, Jerome C., then 16 years old, committed second degree robbery in violation of Penal Code section 211. Jerome C. denied the charge.

At the adjudication hearing, a Los Angeles County Sheriff's deputy testified that on July 28, 2013, he responded to Carino's restaurant in Palmdale on an armed robbery call. The victim, Joshua Leon, told him that two male juveniles had taken his cell phone, leaving the area. Deputies detained Jerome C. and another suspect a short distance away. The deputy read Jerome C. his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694]. Jerome C. then stated that he and his cousin entered the restaurant to get a drink of water. His cousin went to the restroom, and on the way out grabbed a cell phone off the counter. Jerome C. and his cousin ran from the restaurant. The victim followed them out, and they stopped and turned around. After his cousin said something to the victim, Jerome C. said, "'He's crazy, he'll kill you,'" meaning his cousin. As far as Jerome C. knew, his cousin did not have a gun. The deputy recovered a cell phone from the cousin's pocket.

Leon testified that he was an off-duty Los Angeles Police Department officer, eating with his wife at Carino's in the Antelope Valley Mall on July 28, 2013, when Jerome C. and another male walked in and stood in the front of the restaurant. Leon saw Jerome C. walk around the restaurant and return to the front to talk to the other male, looking over at Leon and his wife. Jerome C. and the other male, an adult, then walked toward where Leon and his wife were sitting at the bar, on which Leon had put his cell phone. The two men walked past them, and then ran by the counter, the adult taking Leon's cell phone. Both men ran out of the restaurant. Leon ran after them, following the adult; he then heard Jerome C. behind him, yelling to let the adult know that he was being chased. The adult turned around as Leon got close, and Leon asked for his phone back. The adult put his hand in his pocket and Leon thought he might have a weapon. The adult jumped up and down and said, "'Hey, I'm crazy, I'm crazy,'" and Jerome C. walked up and said, twice, "'Hey, you know what, he is crazy and, you know what, he's going to kill you.'" Although Leon had a service weapon with him, he decided not to

2

"cause havoc" by using it and returned to the restaurant, where his wife was on her phone with the 911 operator. Leon told the operator what had happened, and then got in his car. Within three to five minutes, he had located Jerome C. and the adult, and sheriff's deputies detained them. Leon identified Jerome C., and a deputy returned Leon's cell phone to him.

Jerome C. testified in his own defense. He and his 21-year-old cousin had entered Carino's and asked the waitress for a cup of water. Jerome C. saw Leon look over, and his cousin told Jerome C. that Leon was watching them. Jerome C. used the restroom. When he went with his cousin to the counter to pick up the water his cousin took the cell phone and ran out of the store. Jerome C. stood in front of the restaurant. He saw Leon pursue his cousin. Jerome C. yelled to his cousin that someone was chasing him, fearing that his cousin might be harmed but not concerned about Leon's property. He heard Leon ask for his phone back, and saw his cousin dig in his pocket to put the phone in deep, and then "lift up his pants and ma[k]e a threat like: You're not getting nothing back, like watcha [sic] you want to do?" When Leon returned, Jerome C. told him that his cousin was crazy; he was concerned because his cousin hadn't taken his medication earlier that day. He never told Leon his cousin would kill him. Jerome C. caught up with his cousin and they were headed to the bus stop when the sheriff pulled up, and Jerome C. hid under a car because he knew he had a warrant. The deputies pulled him out and he was detained.

In closing, the prosecutor argued that Jerome C.'s statement to Leon that "'he's gonna kill you'" and his flight from the scene showed his involvement in the robbery. Jerome C.'s attorney argued that the prosecution had not proven aiding and abetting beyond a reasonable doubt.

The court stated that Leon was credible, the actions by Jerome C. and his cousin in the restaurant showed they were working in concert, and "in furtherance of acting in concert with his cousin, he makes the statements to the victim that 'he's crazy, he'll kill you,'" which showed that Jerome C. participated in the robbery by invoking fear in the victim. The court found not credible Jerome C.'s testimony that he did not follow his

3

cousin and Leon out of the restaurant. The court did believe Jerome C.'s testimony that he acted to ensure his cousin's safety and did not object to his cousin's actions. The court sustained the petition, finding true the second degree robbery allegation and declaring the offense a felony.

At sentencing the court ordered Jerome C. suitably placed, with a maximum confinement of seven years, 48 days of custody credit, and restitution. Jerome C. filed a notice of appeal.

We appointed counsel to represent Jerome C. on appeal. After examining the record, counsel filed a motion in juvenile court for an order reducing the maximum term of confinement to six years and four months, and the court reduced the maximum term accordingly. Counsel subsequently filed an opening brief raising no issues and asking this court to review the record independently. On February 5, 2014, we advised Jerome C. he had 30 days in which to submit personally any contentions or issues he wished us to consider. To date, we have received no response.

We have examined the entire record, and we are satisfied that Jerome C.'s counsel on appeal has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

4

## DISPOSITION

The orders are affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.